Dear Mr. Cassidy:
You have requested the opinion of this office concerning the legality of a drug screening policy affecting junior high and high school students. Specifically, you have asked this office to address the following questions:
 (A) May a school board adopt and implement a drug screening policy that affects all junior high and high school students, based upon their participation in physical education?
 (B) May a school board adopt and implement a drug screening policy affecting all junior high and high school students who participate in any school sponsored program or activity?
 (C) May a school board adopt and implement a drug screening policy at a particular school, if a majority of that particular school's student body voluntarily approves said policy?
Drug testing is considered a search of the person, if executed by a state actor. Further, the search of students for drugs by school officials is considered state action. Brooks v. East Chambers Consol. Ind. School Dist., 730 F. Supp. 759 (S.D. Tex. 1989), affirmed 930 F.2d 915 (5th Cir. 1991). Therefore, the validity of such a search is judged by 4th Amendment standards as made applicable to the states by the14th Amendment. U.S. Constitution Amendments 4, 14.
The 4th Amendment to the U.S. Constitution provides:
 The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall be issued, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
The U.S. Supreme Court has interpreted the 4th Amendment's reasonableness standard to require, generally, that a search be based upon a warrant issued on probable cause that a person has in his or her possession evidence of an illegal activity. National Treasury Employees Union v. Von Raab, 489 U.S. 656,109 S.Ct. 1384, 103 L.Ed.2d 685 (1989); Griffin v. Wisconsin,483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987). However, the Court has also stated that "neither a warrant nor probable cause, nor, indeed, any measure or individualized suspicion, is an indispensable component of reasonableness in every circumstance." Skinner v. Railway Labor Executives' Assn.,489 U.S. 602, 616-618, 109 S.Ct. 1402, 1412-1413,103 L.Ed.2d 639(1989). In the Von Raab case, the Supreme Court noted:
 . . . our cases establish that where a Fourth Amendment intrusion serves special governmental needs, beyond the normal need for law enforcement, it is necessary to balance the individual's privacy expectations against the Government's interests to determine whether it is impractical to require a warrant or some level of individualized suspicion in the particular context. 489 U.S. at 664, 109 S.Ct., at 1390; citing Railway Labor Executives, 489 U.S. at 618-624, 109 S.Ct., at 1413-1417.
Thus, in weighing these interests the Supreme Court rejected the notion that public school officials can only search school children upon obtaining a judicial warrant issued on probable cause. New Jersey v. T.L.O., 469 U.S. 325,105 S.Ct. 733, 83 L.Ed.2d 720 (1985).
Applying this 4th Amendment jurisprudence, the U.S. District Court for the Southern District of Texas addressed the constitutionality of a school district's drug testing program for students in grades seven through twelve who participated in extra-curricular activities. See Brooks v. East Chambers Consolidated Independent School District, 730 F. Supp. 759 (S.D. Tex. 1989); affirmed Brooks v. East Chambers County School,930 F.2d 915 (5th Cir. 1991). The drug testing program in Brooks was directed primarily to student athletes with its purpose being to protect the health and well-being of all students involved in extra-curricular activities.
The Brooks Court noted that there was no evidence that the use of drugs or alcohol in the school district in question created some particular problem in the school's extra-curricular program. The school district was responding to a "perceived public demand that the schools `do something' about the general societal problem of substance abuse." 730 F. Supp., at 761.
Finding the drug testing policy in question constitutionally infirm, the Brooks Court opined:
 The Constitution therefore specifies that under ordinary circumstances a search of a school child must be based on individualized suspicion that the search will discover evidence of wrongdoing. The ECCISD school officials admit that their testing program is not based on individualized suspicion. In order for the drug testing program to be legal, then, it must have been prompted by circumstances other than ordinary. Further, even if such "extraordinary" circumstances do exist, T.L.O. still mandates that the student's Fourth Amendment rights may not be diluted any more than is necessary to preserve order in the schools.
Further, the Court noted that every court that has considered urine testing of the general student body in a public school has found it to be unconstitutional. Brooks730 F. Supp., at 764; citing Anable v. Ford, 653 F. Supp. 22 (W.D. Ark. 1985); Odenheim v. Carlstadt-East Rutherford Regional School Dist.,211 N.J. Super. 54, 510 A.2d 709 (1985); Patchogue-Nedford Congress of Teachers v. Board of Education, 70 N.Y.2d 57,517 N.Y.S.2d 456, 510 N.E.2d 325(1987). Also noted by the Brooks Court, the Fifth Circuit in Horton v. Goose Creek Independent School Dist.,690 F.2d 470 (5th Cir. 1982) had previously held unconstitutional a search of public school students by drug-sniffing dogs, despite the fact that the search in question was considerably less intrusive and considerably more directed toward on-campus drug use than the urinalysis test in Brooks.
It is the opinion of this office that in light of the jurisprudence cited above (of which the U.S. Court of Appeals for the 5th Circuit is directly controlling in Louisiana) any drug testing policy sought to be implemented in the public schools of this state which entails urinalysis testing where there are no extraordinary and compelling circumstances and no individualized suspicion, or probable cause, that a student is using drugs, would be subject to question as to its constitutionality under the 14th Amendment of the U.S. Constitution.
I hope that this sufficiently answers your questions. If you require any further information, please don't hesitate to call upon this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pb 0324p